UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-14009-CR-MARTINEZ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RALPH ROBERT JAMES SERGO,

        Defendant.
_____/

<u>UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE</u>

Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney, moves this Honorable Court to enter a preliminary order of forfeiture in the above-styled cause. As grounds therefore, plaintiff would state as follows:

1. On January 26, 2017, a federal grand jury sitting in the Southern District of Florida returned an Indictment against the defendant Ralph Sergo charging him with violations of 21 U.S.C. §§ 963, 841(a)(1), 846, and 18 U.S.C. § 924(c)(1)(A)(i).

2. The Indictment further sought the forfeiture, pursuant to 21 U.S.C. § 853, of any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the violation and any and all property used or intended to be used in any manner or part to commit or facilitate the commission of the violation and pursuant to 28 U.S.C. § 2461 and 18 U.S.C. § 924(d)(1), of any firearm or ammunition involved in or used in or intended to be used in said violation.

3.   On June 26, 2017, the defendant Ralph Sergo entered a plea of guilty to Count 1 of the Indictment which charged the defendant with attempt to import a controlled substance, Lysergic Acid Diethylamide, in violation of 21 U.S.C. §§ 952(a) and 963, Count 2 which charged the defendant with possession with intent to manufacture and distribute a controlled substance, Lysergic Acid Diethylamide, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(A)(v), Count 3, which charged carrying a firearm during and in relation to/possession of firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), Count 4 which charged attempt to distribute a controlled substance, Lysergic Acid Diethylamide, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(A)(v), and Count 5, carrying a firearm during and in relation to/possession of firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).

4.   Pursuant to the plea and plea agreement, the defendant Ralph Sergo has agreed to forfeit the following:

  a.   66.95285919 bitcoin, Electrum Bitcoin Wallet, with the SEED identification ending in "achieve".
  b.   $ 15,787.00 USD Currency deposited from cashier's check #1028506210.
  c.   Apple Mac Book Pro model A1398 bearing serial number: C02QT08NG8WP with a yellow flash drive attached.
  d.   Apple I-phone model A1522 Bearing IMEI number: 355878068426915.
  e.   Apple Mini Laptop SN W88217NW0P2.
  f.   HP laptop SN BCAJT100C9D9R0bbca.
  g.   Lenovo laptop model 80UD SN MP147RXV.
  h.   Two (2) gray in color Kingston Flash Drives.
  i.   HTC smart phone model number OP6B120.

      j.      Nikon Camera model D3200 SN 3088412.

      k.      EMTEC 30 MB SD card.

      l.      RG Industries, Model RG14, 22 caliber revolver, SN 437198.

      m.      North American Arms, Model Sidewinder, 22 Caliber revolver, SN PT06424.

      n.      Glock 19, 9mm pistol, Ser# ZXZ513 Glock 26, 9mm pistol, SN ZYY698.

      o.      Sig Sauer, Model SIGPM400, .223 caliber pistol, SN 20K029670.

      p.      Smith & Wesson, Model Airweight, .38 caliber pistol, SN CJV4670.

      q.      One (1) Sig Sauer M400 Magazine.

      r.      One (1) Glock 19 Magazine.

      s.      Sixty-four (64) rounds of 9mm ammunition.

      t.      Fifty-six (56) rounds of .22 Cal ammunition.

      u.      Three (3)Glock 9mm magazines.

      v.      Five (5) rounds of .38 ammunition.

5.    The Court's jurisdiction in this matter is founded upon 21 U.S.C. § 853 and 18 U.S.C. § 924(d)(1) and 28 U.S.C. §2461. Title 21, United States Code, Section 853(a) provides in part:

> Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State Law
>
> (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
>
> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation...
>
> The court, in imposing sentence on such person shall order, in addition to any other sentence imposed pursuant to this subchapter or subchapter II of this chapter, that the person forfeit to the United States all property described in this subsection.

6. Title 18, United States Code, Section 924(d)(1) provides in pertinent part for the forfeiture of any firearm or ammunition which is involved in or used in or intended to be used in a violation of Sections 922, 924, or any other criminal law of the United States.

7. Title 28, United States Code, Section 2461(c) authorizes the criminal forfeiture of the firearms and ammunition upon conviction because forfeiture is authorized under 18 U.S.C. § 924(d)(1) for a violation of Sections 922, 924, or any other criminal law of the United States. Section 2461(c) states that:

> If a forfeiture of property is authorized in connection with a violation of an Act of Congress, and any person is charged in an indictment or information with such violation but no specific statutory provision is made for criminal forfeiture upon conviction, the Government may include the forfeiture in the indictment or information in accordance with the Federal Rules of Criminal Procedure, and upon conviction, the court shall order the forfeiture of the property in accordance with the procedures set forth in section 413 of the Controlled Substances Act (21 U.S.C. 853), other than subsection (d) of that section.

8. 21 U.S.C. § 853(g) provides:

> Upon entry of an order of forfeiture under this section, the court shall authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper. Following entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited. Any income accruing to or derived from property ordered forfeited under this section may be used to offset ordinary and necessary expenses to the property which are required by law, or which are necessary to protect the interests of the United States or third parties.

9. Additionally, Fed. R. Crim. P. 32.2(b)(1) and (2) provide in pertinent part that:

> (1) **Forfeiture Phase of the Trial.**
>   **(A) Forfeiture Determinations.** As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.
>   **(B) Evidence and Hearing.** The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable...
> (2) **Preliminary Order**.
>   **(A) Contents of a Specific Order.** If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

The entry of the order of forfeiture authorizes the Attorney General to seize the property subject to forfeiture, to conduct any discovery that the court considers proper to help identify, locate, or dispose of the property, and to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and the rights of third parties. Fed. R. Crim. P. 32.2(b)(3).

10. Based upon the plea and plea agreement, and pursuant to 21 U.S.C. § 853, 28 U.S.C. § 2461, 18 U.S.C. § 924(d)(1), and the procedures set forth in Fed. R. Crim. P. 32.2(b), the United States requests that the Court enter the attached proposed preliminary order of forfeiture.

5

## CONCLUSION

The United States requests the entry of the attached proposed Preliminary Order of Forfeiture pursuant to 21 U.S.C. § 853, 28 U.S.C. § 2461, and 18 U.S.C. § 924(d)(1).

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

BY:   s/ Antonia J. Barnes
ANTONIA J. BARNES (FL Bar # 261777)
Assistant U.S. Attorney
Antonia.Barnes@usdoj.gov
United States Attorney's Office
500 S. Australian Ave., Ste. 400
West Palm Beach, FL 33401-6235
Telephone: (561) 820-8711
Facsimile: (561) 655-9785
Attorney for United States

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by CM/ECF on July 13, 2017, on all counsel or parties of record on the Service List below.

s/ Antonia J. Barnes

<u>SERVICE LIST</u>

United States v. Ralph Robert James Sergo
Case No. 17-14009-CR-MARTINEZ
United States District Court, Southern District of Florida

Antonia J. Barnes
Assistant U.S. Attorney
Antonia.Barnes@usdoj.gov
U.S. Attorney's Office
500 S. Australian Ave., Ste. 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 655-9785
Attorney for Plaintiff United States
[Service via CM/ECF]

Carmen Lineberger
Assistant U.S. Attorney
carmen.lineberger@usdoj.gov
U.S. Attorney's Office
101 South U.S. Hwy. 1, Ste. 3100
Fort Pierce, FL 34950
Telephone: (772) 466-0899
Facsimile: (772) 595-3606
Attorney for Plaintiff United States
[Service via CM/ECF]

Robert Meadows, Esq.
2145 14th Avenue, Ste 24
Vero Beach, FL 32960
Telephone: (772) 770-9190
Facsimile: (772) 770-9101
Attorney for Defendant Ralph Sergo
[Service via CM/ECF]